[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a limited contested matter claiming a dissolution of marriage, custody and other relief. The summons is dated January 11, 2001, with a return date of January 30, 2001. The matter was tried before the court on December 18, 2002. Both parties appeared through counsel.
Based upon the evidence submitted at trial, the court makes the following findings:
The parties' were married on November 4, 1995. The evidence supports jurisdiction and there is no issue as to service of the summons and complaint. There was a child born to the parties named Christopher J. Witowski on March 15, 1999. The other allegations of the complaint dated January 11, 2001 are found to be proven and true.
The evidence further supports the following findings:
The plaintiff Lynn M. Witowski was thirty-one years old at the time of the marriage of the parties. She had graduated from Mount Holyoke College in 1987. She is presently thirty-eight years old. At the time of her marriage, she had been employed at the Connecticut Department of Labor. She worked in that capacity until 1999, which coincided with the birth of the child of the parties. She had been employed by the Department of Labor since 1987. Since the birth of her child, the plaintiff has not returned to work. She has made some limited efforts to look for work, and has had some informal conversations with the Labor Department. She reports that she cannot get her former job back at this time. She also suffers from a bulging disc in her lower back which prevents her from prolonged sitting or standing.
At the time of the marriage, the plaintiff had some assets, mainly a condominium in Rocky Hill which is located at 406 Carlton Lane. That property is still owned by her. She also had some cash on hand and retirement benefits. CT Page 795
The defendant is currently forty-seven years of age. He attended college for three years but did not graduate with a degree. He worked for the Internal Revenue Service for approximately seven years, and when his job was eliminated gained employment with the Connecticut Department of Labor. He has been with that department now approximately thirteen years and he is employed in the capacity of a wage enforcement agent. At the time of the marriage, the defendant also had assets, in the form of a bank account with funds in excess of $50,000.00. He also had some retirement benefits.
Defendant's Exhibit A shows that the parties' earning history was substantially parallel, and the last two years when they both worked, their earnings were virtually identical.
The parties have described a number of issues upon which they have disagreement. None of those issues amounts to fault as would be considered a factor in the financial orders to be awarded by the court.
The court has considered the Connecticut General Statutes relative to this matter, including, but not limited to those addressing division of property, alimony, custody and child support. After consideration of the evidence as well as the relevant statutes, the court enters the following orders:
The marriage of the parties is hereby dissolved.
The parties shall have joint legal custody of the minor child. The primary physical residence of the child shall be with the plaintiff mother subject to parenting time with the defendant father every other weekend from Friday at 5:00 p.m. until the following Monday at 8:15 a.m.
In addition, the defendant father shall have parenting time with the minor child every other week preceding his weekend access on Wednesday and Thursday from 5:00 p.m. until the following morning at 8:15 p.m.
The defendant shall enjoy access to the minor child each Thursday following his weekend visitation from 5:00 p.m. until Friday at 8:15 a.m.
In even numbered years, the defendant shall enjoy the child on New Year's Day, Memorial Day, Labor Day, Halloween (until 7:00 p.m.), Thanksgiving, and Christmas Eve (December 24 from 1:00 p.m. to December 25 at 10:00 a.m. CT Page 796
In even numbered years, the plaintiff shall enjoy the child for the Martin Luther King holiday, Easter Sunday, July 4, Christmas Day (December 25 from 10:00 a.m. through December 26 at 10:00 a.m.).
For any holiday which falls on a Monday following the defendant father's regular parenting access, the defendant father shall keep the minor child overnight Sunday and return the child Monday at 5:00 p.m. to the mother's residence.
The minor child shall spend every Mother's Day with the plaintiff and every Father's Day with the defendant.
Each parent shall enjoy a two week non-consecutive vacation with the minor child during the calendar year. The parties shall exchange notice of intended dates no later than May 1 of each year as to their intended times. In the event of a conflict, the father shall have preference in even numbered years and the mother in odd numbered years.
The defendant shall pay child support in the amount of $178.00 per week to the plaintiff. In addition, he shall pay 86% of all work related daycare expenses and 86% of unreimbursed medical, dental, ophthalmological and other expenses after payment by the plaintiff of the first $100.00 in each calendar year. The child support guidelines shall be recalculated upon the plaintiff's obtaining employment and the daycare and medical expenses shall be adjusted accordingly. At the conclusion of the period detailed below as the term of alimony, the guidelines shall be calculated attributing an annual gross salary to the plaintiff of $40,000.00, her earning capacity, in the event she has not returned to work on a full time basis.
The defendant shall pay alimony in the amount of $100.00 per week for a period of twenty-six weeks from the date of this judgment. Said sum shall not be subject to modification either as to term or amount.
The defendant is to maintain the child under his medical and dental insurance plan as available through his employment.
The defendant is to maintain a life insurance policy in the amount of $150,000.00 for so long as he has an obligation for child support under the terms of this judgment.
Each party shall be liable for payment of one-half of the child's college educational expenses in accordance with the provisions of Connecticut Public Act 02-128. CT Page 797
The court orders that the plaintiff wife retain the following assets free and clear from any claim or interest by the defendant:
The real estate known as 406 Carlton Lane, Rocky Hill, Connecticut. The shares of Dell Computer listed on her financial affidavit. Her deferred compensation. Her pension with the State of Connecticut.
The court orders that the defendant husband shall retain his pension with the State of Connecticut free from any claim or interest by the plaintiff.
With respect to the parties' respective claims of premarital assets, the plaintiff shall receive the sum of $12,600.00 in satisfaction of those claims. The defendant shall receive the sum of $54,140.00 in satisfaction of those claims.
The defendant shall further receive $385.00 representing a resolution of the claims which include the overpayment of alimony, the plaintiff's withdrawal from the People's Bank account, and the defendant's purchase of furniture pursuant to the agreement of the parties.
Each of those sums shall be paid from the accounts listed on the financial affidavits of the parties as People's Bank $860.00; People's Bank $27,131.19; People's Bank $4,400.00; Savings Bank of Rockville $11,011.00; Savings Bank of Rockville $94,390.00; Savings Bank of Rockville $3,617.00; Credit Union $1,291.00. of the remaining balances of those accounts, the plaintiff shall receive the sum of $36,675.00 and the defendant shall receive the sum of $38,900.00. The balance, if any, shall be divided equally.
Any accounts not specifically listed shall be retained by the party having possession of same.
The parties shall retain the respective automobiles in their possession.
The custodial accounts held for the minor child shall continue to be held by both parties and shall be used by mutual consent.
The parties shall divide equally the state and federal income tax refund currently being held in escrow.
BY THE COURT
ANTONIO C. ROBAINA, J. CT Page 798
[EDITORS' NOTE: This page is blank.] CT Page 799